IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRETT A., <br><br>   **Plaintiff,** <br><br>   v. <br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>   **Defendant.** | Case No. 21-CV-2282-JAR |

**MEMORANDUM AND ORDER**

  This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff asserts that the Administrative Law Judge ("ALJ") erred in determining his residual functional capacity ("RFC") because it was not supported by substantial evidence and was inconsistent with the ALJ's finding that Plaintiff had marked limitations in his ability to concentrate, persist, and maintain pace. Because the Court concludes that the Commissioner's findings are supported by substantial evidence, the Court affirms the Commissioner's decision.

**I.  Procedural History**

  On June 10, 2019, Plaintiff protectively applied for a period of disability and disability insurance benefits. He alleged a disability onset date of June 1, 2017. Plaintiff's applications were denied initially and upon reconsideration. He then asked for a hearing before an ALJ.

  After a telephonic hearing on December 1, 2020, the ALJ issued a written decision on January 27, 2021, finding that Plaintiff was not disabled. Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council. Plaintiff's request for

review was denied on April 28, 2021.  Accordingly, the ALJ's January 2021 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas. He seeks reversal of the ALJ's decision and the grant of his requested social security benefits. Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.     Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards.[1]  The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2]  In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.[3]

## III.    Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[4]

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience,

---

[1] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[2] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Hum. Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[3] *Id.*

[4] 42 U.S.C. §§ 423(d)(2)(A), 416(i)(1)(a).

>   engage in any other kind of substantial gainful work which exists
>   in the national economy . . . .[5]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[6] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[7]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability, (2) whether the claimant has a severe impairment, or combination of severe impairments, and (3) whether the severity of those impairments meets or equals a designated list of impairments.[8] "If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's RFC, which is [the claimant's] ability to do physical and mental work activities on a sustained basis despite limitations from [his] impairments."[9]

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[10] The claimant bears the burden in steps one through four to prove a

---

[5] *Id*. § 423(d)(2)(A).

[6] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[7] *Barkley v. Astrue*, Case 09-1163-JTM, 2010 WL 3001753, at *2 (D. Kan. Jul. 28, 2010).

[8] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (first quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005); and then quoting *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[9] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[10] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

disability that prevents performance of his past relevant work.[11] The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[12]

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. He determined at step two that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; fibromyalgia; left ankle tendon tear status-post debridement and repair; adhesive capsulitis of the left shoulder; obesity; depression; and anxiety. At step three, the ALJ found that Plaintiff's impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. Continuing, he determined that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except that he has the following additional limitations: he can lift and carry up to twenty pounds occasionally and lift or carry up to ten pounds frequently; stand and/or walk for six hours out of an eight-hour workday; and sit for six hours out of an eight-hour workday. The claimant should never climb ladders, ropes and scaffolds; and can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. The claimant can frequently reach overhead and in all other directions with the left upper extremity. The claimant should never work at unprotected heights or with moving mechanical parts; and can occasionally work in vibration. The claimant is able to carry out detailed but uninvolved instructions in the performance of simple, routine and repetitive tasks in a low stress work environment with no fast-paced production requirements involving simple work-related decisions, and with only occasional judgment and work place changes.[13]

The ALJ determined at step four that Plaintiff was unable to perform any past relevant work. After considering Plaintiff's age, education, work experience, and RFC, he determined at

---

[11] *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005)).

[12] *Id.* (quoting *Hackett*, 395 F.3d at 1171).

[13] Doc. 13-3 at 19.

step five that there were jobs that existed in significant numbers in the national economy. Thus, the ALJ concluded that Plaintiff had not been under a disability from June 1, 2017, through the date of his decision.

## IV. Discussion

Plaintiff generally argues that the ALJ's RFC finding that Plaintiff could perform simple, routine, and repetitive tasks in a low–stress work environment is not supported by the substantial evidence of record. Plaintiff specifically contends that the limitation to simple tasks in the RFC is inconsistent with the ALJ's determination that Plaintiff had marked limitations in the ability to concentrate, persist, and maintain pace. The Commissioner asserts that substantial evidence supports the ALJ's RFC.

The "RFC is what an individual can still do despite his or her limitations."[14] It "does not represent the least an individual can do despite his or her limitations or restrictions, but the most."[15] It is the ALJ's responsibility to decide the claimant's RFC based on all the evidence in the record.[16]

In this case, in the ALJ's step three finding, he determined that Plaintiff had a marked limitation in the ability to concentrate, persist, or maintain pace. Plaintiff contends that the limitation in his RFC to simple, routine, and repetitive tasks does not account for that finding. Plaintiff cites to a case from the Tenth Circuit for the proposition that even a moderate limitation in the ability to maintain concentration, persistence, and pace is not properly accounted for in a RFC with a limitation to simple, routine, and repetitive tasks.[17] He contends that because he has

---

[14] SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).

[15] *Id.*

[16] *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (citations omitted).

[17] *Jaramillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2014).

a marked limitation—rather than a moderate limitation—in the ability to maintain concentration, persistence, and pace, the ALJ's RFC does not encompass his limitations.

Plaintiff's characterization of the holding in *Jaramillo v. Colvin* is overstated. Although the Tenth Circuit took issue with an RFC limiting the plaintiff "to simple, routine, repetitive and unskilled tasks," and found that it did not adequately reflect the plaintiff's moderate limitations in concentration, the plaintiff also had moderate limitations in two other areas.[18] Furthermore, the RFC did not express the plaintiff's work-related functions or work-related mental activities but instead broadly provided that the plaintiff was limited to simple and unskilled tasks.[19] Thus, the Tenth Circuit determined that because the plaintiff was moderately limited in three different areas, the reference to "simple, routine, repetitive, and unskilled tasks" did not appropriately reflect those limitations.[20]

In addition, several other cases that address whether an RFC adequately encompasses a moderate limitation in the ability to concentrate, persist and maintain pace, and hold differently than *Jaramillo*. In several published opinions, the Tenth Circuit has specifically determined that a limitation to simple, routine, and repetitive tasks, or to unskilled work, can encompass moderate limitations in the ability to concentrate, persist, and keep pace.[21]

---

[18] *Id.*

[19] *Id.* at 874–75.

[20] *Id.* at 876.

[21] *See Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) (finding that the RFC finding that the plaintiff "could engage in only simple, repetitive, and routine tasks" adequately accounted for the plaintiff's moderate limitations in concentration, persistence, and pace and noting a similar decision in *Lee v. Colvin*, 631 F. App'x 538, 541–42 (10th Cir. 2015)); *Virgil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) (finding that the RFC limiting the plaintiff to "unskilled work" encompassed the plaintiff's moderate concentration, persistence, and pace problems); *see also Nelson v. Colvin*, 655 F. App'x 626, 628–29 (10th Cir. 2016) (finding that the RFC limiting the plaintiff to unskilled work appropriately accounted for the plaintiff's moderate limitations in concentration, pace, and persistence and the plaintiff's marked limitations in her ability to understand, remember, and carry out detailed instructions).

Here, the Court recognizes that the ALJ found that Plaintiff had a marked limitation—rather than a moderate limitation—in the ability to maintain concentration, persistence, and pace. But a finding of a marked limitation at step three is not an RFC finding. SSR 96-8p provides that "the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 . . . requires a more detailed assessment by itemizing various functions . . . ."[22] Thus, even though there may be a finding of a marked limitation at step three, the RFC sets forth the specific limitations in the plaintiff's ability to perform tasks.

In a case with similar facts, *Trujillo v. Berryhill*, the District of New Mexico noted that "there is nothing so unique about marked limitations which *per se* prevents them from being incorporated into more generic limitations on categories of work."[23] Indeed, the District of New Mexico relied on a Tenth Circuit case, *Nelson v. Colvin*, for that proposition.[24] In *Nelson*, the Tenth Circuit found that an RFC providing that the plaintiff was "capable of carrying out simple instructions with routine supervision" adequately encompassed the plaintiff's moderate limitations in concentration, pace, and persistence and the plaintiff's marked limitations in her ability to understand, remember, and carry out detailed instructions.[25]

---

[22] SSR 96-8p, 1996 WL 374184, at *4; *see also Virgil*, 805 F.3d at 1203 ("The ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment.").

[23] No. 16-851 GBW, 2017 WL 2799981, at *8 (D.N.M. June 23, 2017).

[24] *Id.* (relying on *Nelson*, 655 F. App'x at 629).

[25] *Nelson*, 655 F. App'x at 629.

In *Trujillo*, the plaintiff had a marked limitation in her ability to maintain concentration, pace, and persistence.[26] The court noted that although "*Nelson* did not involve marked limitations in concentration, persistence, and pace, it did involve marked limitations to similar mental faculties."[27] The court then determined that "the rationale of *Nelson* strongly supports the argument that such marked limitations can be incorporated into an RFC by limiting the claimant to certain types of simple work."[28] Ultimately, the District of New Mexico concluded that the RFC limitation to "simple, routine, and repetitive work tasks, involving simple one- and two-step work instructions [and] performed in a routine, predictable, and low–stress work environment" appropriately accounted for the plaintiff's marked limitations in concentration, persistence, and pace.[29]

Here, the same rationale applies. The ALJ's RFC provided a detailed assessment of the tasks Plaintiff could perform which incorporated Plaintiff's marked limitations in the ability to concentrate, persist, and keep pace. The RFC did not simply provide that Plaintiff was limited to unskilled work or that Plaintiff could perform simple, routine, and repetitive tasks. Instead, the RFC states that Plaintiff could "carry out detailed but uninvolved instructions in the performance of simple, routine and repetitive tasks in a low stress work environment with no fast-paced production requirements involving simple work-related decisions, and with only occasional judgment and work place changes."[30] Accordingly, the Court finds that the ALJ's RFC

---

[26] *Trujillo*, 2017 WL 2799981, at *8.

[27] *Id.*

[28] *Id.*

[29] *Id.* at *9 (internal quotation marks and citation omitted).

[30] Doc. 13-3 at 19.

adequately encompassed Plaintiff's marked limitation in the ability concentrate, persist, and maintain pace.

## V. Conclusion

The ALJ's RFC determination is supported by substantial evidence. Plaintiff has not shown that the ALJ's decision is inconsistent with the Social Security Act, regulations, and applicable case law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: August 30, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
